**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

JOHN F. DAVIS

Case No. 6:05-bk-14478-ABB
Chapter 7

Debtor.
_____________________________/

FILED
DEC 21 2006
CLERK, U.S. BANKRUPTCY
ORLANDO DIVISION

DEBORAH C. MENOTTE,

Plaintiff,

Adv. Pro. No. 6:06-ap-00090-ABB

vs.

JOHN F. DAVIS,

Defendant.
_____________________________/

## MEMORANDUM OPINION

This matter came before the Court on the Complaint Objecting To Discharge ("Complaint")[1] filed by Deborah C. Menotte, the Plaintiff and Trustee in Bankruptcy for Jerold M. Davidson and Virginia L. McCoy-Davidson herein (the "Plaintiff"), against John F. Davis, the Defendant and Debtor herein (the "Debtor"). The Plaintiff seeks denial of the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)(2)(B), 727(a)(3), 727(a)(4)(A), and 727(a)(5). An evidentiary hearing was held on November 16, 2006 at which the Debtor, his counsel, and counsel for the Plaintiff appeared. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

---

[1] Doc. No. 1.

**FINDINGS OF FACT**

The Plaintiff is a creditor and judgment holder against the Debtor. The Plaintiff brought suit against the Debtor on December 16, 2004 in the Southern District of Florida as the Trustee in the bankruptcy estate of Jerold M. Davidson and Virginia L. McCoy-Davidson, Case No. 04-32983-BKC-SHF, Adversary Case No. 04-3303-BCK-SHF-A. The Plaintiff sought a judgment in the amount of $76,000 for alleged fraudulent or preferential transfers made to the Debtor. The Debtor was the transferee of two lots of real property from Jerold Davidson and he sold both lots, one for a net amount of $30,000.00 and the other for the net amount of $46,000.00. The Plaintiff obtained a Default Final Judgment against the Debtor on January 31, 2005. The Debtor attempted to have the judgment set aside but ultimately his efforts were unsuccessful.

The Debtor attended a post-judgment deposition with the Plaintiff on August 23, 2005. He was not forthcoming with requested documentation, limiting the Plaintiff's ability to formulate an assessment or trace the $76,000.00. The Plaintiff was required to file a motion to compel the production of documents due to the Debtor's noncompliance, and the Debtor again presented insufficient material.

The Debtor revealed at the deposition he owned real property with his former wife located in Orange County, Florida at 3046 Knightsbridge Road, Orlando, FL 32818 ("the Orlando Property"). He testified the Orlando Property was awarded to his former wife in their divorce and he no longer had an interest. The Debtor, however, retained the Orlando Property and was entitled to half of the net proceeds of a sale of the home pursuant to the Marital Settlement Agreement ("Settlement Agreement") incorporated in

the parties' Amended Final Judgment of Dissolution of Marriage ("Divorce Decree").[2] The Orlando Property was sold the following month after his deposition, two weeks prior to the filing of the involuntary petition, and received a net of $94,763.78.[3] He and his former wife each received a check for $47,000.00, and he negotiated the full amount of his check. He then purportedly gave $30,000.00 of the cash to his former wife for payment of the second mortgage. The amount of the second mortgage of $32,235.47 was deducted from the sale proceeds in the closing of the Orlando Property, thus the Debtor's former wife was only entitled to receive $16,117.73 from the Debtor pursuant to the Settlement Agreement.[4] The $16,117.73 amount represents one-half of the second mortgage. The Debtor spent the remaining funds on his IRS liability, new tires for his truck, medical bills, and other miscellaneous expenses. The Debtor made no payment to the Plaintiff to satisfy any portion of the judgment.

The Plaintiff filed the Debtor's Chapter 7 involuntary bankruptcy petition on October 13, 2005 ("Petition Date"). The Debtor filed a Motion to Dismiss Involuntary Petition ("Motion to Dismiss") on November 18, 2005[5] which was subsequently withdrawn on January 9, 2006.[6] The Debtor did not disclose several items in his bankruptcy Schedules and Statement of Financial Affairs which he executed under oath and filed on February 17, 2006.[7] The Debtor answered "NONE" on Schedule B to

---

[2] Debtor's Exh. 1 at ¶ 10: "In the event the home cannot be refinanced or transferred from the name of the Petitioner, the home shall be sold immediately by a Broker mutually agreed upon by both parties and all proceeds shall be split equally with the following condition: If it is necessary to sell the marital residence, then both parties agree that the second mortgage shall be paid out of the Respondent's share of the proceeds only. The Petitioner is not liable in any manner for the second mortgage as the Respondent's agreement to pay off the second mortgage in full is a part of the equitable distribution of marital debts. Therefore, if there is not enough money to cover the costs of the second mortgage, then the Respondent shall repay the Petitioner within thirty days of closing any deficit which was taken from her share of the proceeds."
[3] Plaintiff's Exh. 9: Warranty Deed; Debtor's Exh. 5: Closing Statement.
[4] Debtor's Exh. 5.
[5] Doc. No. 4 of Main Case No. 6:05-bk-14478-ABB.
[6] Doc. No. 13 of Main Case.
[7] Doc. No. 22 of Main Case.

"Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims".[8] The Debtor had recently been involved in a motorcycle accident and he did not disclose his personal injury claim for which he had obtained counsel. The Debtor had not communicated with his attorney to confirm a claim had actually been filed. He did not disclose a judgment he obtained in a landlord-tenant eviction action because he was unaware his action constituted a claim within the bankruptcy schedule's meaning. The Debtor did not list any income from real property in his Schedules.[9] He did not disclose the sale of the Orlando Property where he received $47,000.00, nor did he disclose the payment of $30,000.00 to his former wife. He additionally failed to disclose his receipt of rental income during 2004 and the beginning of 2005, prior to the tenant's eviction.

The Plaintiff subsequently filed her Complaint on April 6, 2006 seeking denial of the Debtor's discharge. The Debtor filed an amendment to his Schedule B on April 25, 2006, after the Plaintiff initiated the adversary proceeding.[10] The Plaintiff asserts the Debtor acted with the intent to hinder, delay, and defraud his creditors, he knowingly made a false oath, he failed to preserve any record of his financial condition, and he failed to explain satisfactorily the loss or depletion of his assets. The Plaintiff's Complaint is due to be granted.

The Debtor had competent counsel throughout his bankruptcy case. His counsel assisted him with the completion of his bankruptcy papers, and he executed the documents under oath subject to the penalty of perjury. There are substantial discrepancies in his Schedule disclosures. The Debtor has not produced sufficient

[8] Id. at p. 5.
[9] Id. at 16.
[10] Doc. No. 33 of Main Case.

records concerning the disposal of his sale proceeds. He did not list income other than from employment or operation of business in his Statement of Financial Affairs. He, for a lack of understanding or knowledge, did not disclose his personal injury cause of action in Schedule B or any lawsuits in his Statement of Financial Affairs relating to the personal injury matter.

The Debtor was unable to fulfill his most basic and important obligations as a debtor. He is not a sophisticated debtor, but there is a minimal obligation to comply with the bankrupting filing requirements. He needed only to take rudimentary measures to successfully fulfill his responsibility as a debtor in bankruptcy. He did not disclose material information in his bankruptcy papers relating to his income, assets, and the disposition of sale proceeds. He did not preserve important information regarding his financial condition and business transactions. No excusable reason exists for the Debtor's failure to keep and preserve his financial records. He has not explained satisfactorily his loss of his assets, specifically the sale proceeds of the Orlando Property. The Debtor is not deserving of a discharge. His discharge is due to be denied.

## CONCLUSIONS OF LAW

The Plaintiff seeks denial of the Debtors' discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)(2)(B), 727(a)(3), 727(a)(4)(A) and 727(a)(5). The Chapter 7 involuntary bankruptcy petition was filed prior to the applicability of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), thus the pre-BAPCPA Code provisions will be relevant.[11]

The party objecting to a debtor's discharge or the dischargeability of a debt carries the burden of proof and the standard of proof is preponderance of the evidence.

[11] Pub. L. No. 109-8, 119 Stat. 23 (April 20, 2005). Generally applicable October 17, 2005.

Grogan v. Garner, 498 U.S. 279, 291, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991); Fed. R. Bankr. P. 4005 (2005). Objections to discharge are to be strictly construed against the creditor and liberally in favor of the debtor. In re Hunter, 780 F.2d 1577, 1579 (11th Cir. 1986); In re Bernard, 152 B.R. 1016, 1017 (Bankr. S.D. Fla. 1993). "Any other construction would be inconsistent with the liberal spirit that has always pervaded the entire bankruptcy system." 4 COLLIER ON BANKRUPTCY ¶523.05, at 523-24 (15th ed. rev. 2005).

Section 727(a) of the Bankruptcy Code sets forth a debtor shall be granted a discharge unless certain abuses have been committed by the debtor. A discharge will be denied where a debtor has, among other things: (i) within one year of the petition date and with the intent to hinder, delay, or defraud a creditor, transferred, removed, destroyed, mutilated, or concealed property of the debtor or the estate (11 U.S.C. § 727(a)(2)); (ii) concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information from which the debtor's financial condition might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case (11 U.S.C. § 727(a)(3)); (iii) knowingly and fraudulently, in or in connection with the case, made a false oath or account (11 U.S.C. § 727(a)(4)(A)); or (iv) failed to explain satisfactorily any loss of assets or deficiency of assets to meet the debtor's liabilities (11 U.S.C. § 727(a)(5)).

"Section 727(a)(2) is intended to prevent the discharge of a debtor who attempts to avoid payment to creditors by concealing or otherwise disposing of assets." 6 COLLIER ON BANKRUPTCY ¶727.02, at 727-13 (15th ed. Rev. 2005). A discharge should be denied

where the omission from the schedules or statement of financial affairs is both fraudulent and material. Swicegood v. Ginn, 924 F.2d 230, 232 (11th Cir. 1991).

The Debtor is not entitled to a discharge due to violating Section 727(a)(2). The Debtor sold the Orlando Property and negotiated his proceeds check within two weeks of the Petition Date. He did not disclose this sale in his Schedules. He transferred the majority of his proceeds to his former wife, but there is no record to confirm this transaction. He offered no receipts or bank records verifying the disposition of the sale proceeds in their entirety. The Debtor did not disclose documentation relating to his personal injury action nor did he list the action in his Schedules, although this was omitted due to the Debtor's lack of understanding the status of his claim.

The purpose of §727(a)(3) is to make certain the creditors and the trustee are given sufficient information to understand the debtor's financial condition. 6 COLLIER ON BANKRUPTCY ¶727.03[3][a], at 727-31. The debtor's presented records must enable his creditors to ascertain his present financial condition and to follow his business transactions for a reasonable period of time in the past to qualify as sufficient. In re Juzwiak, 89 F.3d 424, 427 (7th Cir. 1996). Section 727(a)(3) does not require a full accounting of every business transaction, but "there should be some written records, orderly made and preserved, from which the present and past financial condition of the debtor may be ascertained with substantial completeness and accuracy." In re Sowell, 92 B.R. 944, 947 (Bankr. M.D. Fla. 1988). Each case must be determined on its own facts. Milam, 172 B.R. at 375. The standard applied to a debtor who is involved in business may be more stringent than the standard imposed on a debtor who is an unsophisticated wage earner. Id.; Meridian Bank v. Alten, 958 F.2d 1226, 1231 (3d Cir. 1992).

Once the objecting party makes an initial showing that a debtor failed to maintain or preserve adequate records from which his financial condition or business transactions could be ascertained, the burden then shifts to the debtor "to explain satisfactorily the loss." In re Chalik, 748 F.2d 616, 619 (11th Cir. 1984); 6 COLLIER ON BANKRUPTCY ¶727.03[4], at 727-37. The debtor carries the burden of persuasion to explain the failure to keep records because the information necessary to establish such an excuse is generally in the possession of the debtor. Meridian Bank v. Alten, 958 F.2d at 1233. A debtor must explain his or her losses or deficiencies of documentation in such a manner to convince the Court of good faith and businesslike conduct. Id. "The plain language of section 727(a)(3) places the burden on the debtor to justify the lack of adequate record keeping." Id. at 1234.

The Debtor did not keep or preserve books, documents, records, and papers from which his financial condition and transactions might be ascertained. He was unable to explain satisfactorily the disposal of the sale proceeds or deficiency of assets to meet his liabilities, and he did not list any income other than from employment or operation of business in his Statement of Financial Affairs. The Debtor has offered no documentation reflecting his substantial expenditures, and he is required as a debtor in bankruptcy to be forthcoming with sufficient financial information. The Debtor amended his Schedules only after the Plaintiff initiated this adversary proceeding. The Debtor has violated Sections 727(a)(3) and (a)(5) of the Bankruptcy Code.

The Debtor violated Section 727(a)(4)(A) by not disclose accurate information in his bankruptcy Schedules and Statement of Financial Affairs. The documents he filed were executed under oath and subject to the penalty of perjury.

The Plaintiff has established all elements of 11 U.S.C. §§ 727(a)(2)(A) & (B), 727(a)(3), 727(a)(4)(A), and 727(a)(5). The Debtor is not a sophisticated individual, but he did not comply with the most elementary steps to fulfill his obligation as a debtor in bankruptcy. He did not apply the minimal effort necessary. Denial of the Debtor's discharge is appropriate considering these circumstances. A separate judgment in favor of the Plaintiff and against the Debtor consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 21st day of December, 2006.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge